MAHANEY, Plaintiff-Appellee, v. PERRY AUTO EXCHANGE, INC., Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2041.    Decided April 11, 1949.

Vradelis & McCray, Dayton, for plaintiff-appellee.
Shaman, Winer & Shulman, Dayton, for defendant-appellant.

## OPINION

By MILLER, PJ.

This is a law appeal from the Court of Common Pleas of Montgomery County, Ohio. The action was one to rescind the contract of sale of a 1934 used Nash Lafayette automobile

and to recover the purchase price of $492.50. The action was based upon two grounds, to wit:

(1) That a conditional sale of the automobile was entered into, the condition being that the car be "in good operating condition;" that the condition of the conditional sale was never fulfilled, hence no sale was consummated and plaintiff is entitled to his money back.

(2) That if a sale was consummated, the sale contained a warranty of the seller that the car was "in good operating condition;" that the warranty was broken; and the buyer elected to rescind sale and recover his purchase money.

The answer admits the sale as alleged but denies each and every other allegation contained in the statement of claim. The answer further alleges that the automobile was sold "as is" and without any warranties or conditions whatsoever. During the course of the trial however the defendant admitted that the car was sold under the standard O. P. A. Dealer's Warranty, which provides:

"The used car described below, including any equipment named in Appendix D of Maximum Price Regulation 540, is hereby warranted to be in good operating condition under normal use and service for a period of 30 days after delivery or 1,000 miles, whichever may first occur.

We, the undersigned, agree, if said car is delivered during the above period to our place of business, to make with reasonable promptness any repairs or replacements which may be necessary, to its good operating condition in accordance with normal use and service, at a cost to the purchaser named below of not more than 50% of the normal charge for such repairs or replacements. Our normal charge is not in excess of O. P. A. Ceilings.

This warranty does not extend to tires, tubes, paint, glass, upholstery, or to any repairs or replacements made necessary by misuse, negligence or accident."

The trial court found, and we find that the record supports this finding.

"That prior to the sale of said Nash LaFayette used car it was represented and warranted, by the defendant to the plaintiff, said car was in perfect condition, A-1 condition and first-class condition; that in the truth and fact said 1934 Nash LaFayette used car was not in perfect, A-1 or first-class condition but same had a bearing knock, a growl in the differential

and had no brakes; that such representations and warranties made by the defendant to the plaintiff were false; that said plaintiff had no opportunity to investigate the truth or falsehood of said material misrepresentations and false warranties; that said plaintiff was justified in relying upon said representations and warranties; and that by reason of such reliance upon said representations and warranties said sale was consummated. The Court further finds that by reason of said material misrepresentations and false warranties, the plaintiff is entitled to rescind the sale. The Court further finds that the plaintiff tendered back to the defendant on July 24, 1946 and on July 25, 1946 said 1934 Nash LaFayette used car and ever since said date has held said used car at the order of the defendant."

The court thereupon found for the plaintiff, rescinded the sale and entered judgment for the full amount of the purchase price and ordered the car returned to the defendant. The cause was then appealed to the Court of Common Pleas which affirmed the judgment and it is from this order that this appeal is directed.

The question presented is whether under the facts as found by the trial court there was a breach of the O. P. A. Warranty. In the case of **Swisher v. Miami Motors, et al, 81 Oh Ap 97,** 76 N. E. (2d) 682 this court held that such a warranty enjoined upon the dealer an obligation to turn over to the buyer an automobile in good operating condition at the date of sale. This obligation was not met by the defendant. Therefore there was a breach of warranty and under §8449 **GC** the buyer may elect to rescind the contract.

We find that there was reasonable grounds for the appeal and the plaintiff's motion for damages and attorney fees will be overruled. We find no error in the record and the judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.